ORI...

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 DEC 13 AM 8: 26

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KATHY G. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) CV 104-166 |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kathy G. Williams appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. Upon consideration of the briefs submitted by counsel, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence six of 42 U.S.C. § 405(g), that the case be **REMANDED** to the Commissioner for consideration of new evidence.

### I. BACKGROUND

Based on claims of disability dating back to January 27, 2001, Plaintiff applied for disability benefits on the protective filing date of February 21, 2001. Tr. 37-51. Plaintiff alleges disability due to failed back syndrome, cervical disc disease, chronic back pain, depression, and carpal tunnel syndrome. The Social Security Administration denied

plaintiff's applications and her request for reconsideration. Tr. 23-26, 29-31. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing in which plaintiff, who was represented by counsel, testified on her own behalf, the ALJ issued an unfavorable decision dated May 21, 2003. Tr. 8-17.

Applying the five step sequential process required by Title 20, Code of Federal Regulations, Section 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since her alleged onset date.

2. The medical evidence establishes that the claimant has cervical and lumbar pain, which are considered to be "severe" impairments, as defined in the regulations.

3. The claimant does not, however, have an impairment or a combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant has the residual functional capacity to perform work at the light exertional level with restrictions which require no repetitive pushing or pulling; occasional stooping, twisting, crouching, and kneeling; no crawling or climbing; occasional reaching overhead with the left dominant arm; and avoidance of hazards such as vibration. The claimant's past relevant work as a bookkeeper does not require the performance of work-related activities precluded by the above limitations. The claimant retains the residual functional capacity to perform the requirements of her past relevant work as a bookkeeper, which was semi-skilled and sedentary in exertion.

5. Based on vocational expert testimony, there are also a significant number of other jobs at the light exertional level in the national economy that the claimant can perform, that are consistent with her age, education, work experience and residual functional capacity.

Tr. 16.

When the Appeals Council ("AC") denied plaintiff's request for review, the ALJ's

decision became the final decision of the Commissioner. Tr. 4-7. Having failed to convince the AC to review her case, plaintiff filed this civil action requesting a remand of that adverse decision. According to plaintiff, new and material evidence warrants a "sentence six" remand under Title 42, United States Code, Section 405(g), and the ALJ's findings otherwise were not supported by substantial evidence. In support of her first argument, plaintiff has cited medical records relating to surgeries performed on May 29, 2003, and September 16, 2003. Plaintiff also has presented medical records from Orthopaedic Associates of Augusta and the Augusta Pain Center on April 21, 2003, and May 28, 2003, that existed prior to the ALJ's decision, but that were not a part of the administrative record and apparently did not reach the ALJ.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d

1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. New Evidence

Plaintiff urges the Court to remand her case for consideration of new evidence. A reviewing court, when presented with new evidence that was not available at the time of the ALJ's decision, may only consider whether the evidence necessitates remand under sentence six of Section 405(g). A reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1068 (11th Cir. 1994).

Sentence six of Section 405(g) authorizes a reviewing court to remand a case for consideration of new evidence only if the evidence is material and only if good cause exists for the claimant's failure to incorporate such evidence into the record in a prior proceeding. The Eleventh Circuit has set forth the requirements for a plaintiff seeking remand for consideration of new evidence:

> (1) there is new, noncumulative evidence; (2) the evidence is "material," that is, relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for the failure to submit the evidence at the administrative level.

Vega v. Commissioner of Social Sec., 265 F.3d 1214, 1218 (11th Cir. 2001) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986) and Falge, 150 F.3d at 1323). The Court is to make a *de novo* determination as to whether remand is appropriate. Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986).

Plaintiff seeks a remand for the consideration of new medical records from the

Orthopaedic Associates of Augusta and the Augusta Pain Center. The records purportedly show the progression of plaintiff's back problems and contradict the ALJ's determination that her pain symptoms are inconsistent with objective medical evidence on the record. Pl. Br. at 7. Plaintiff, however, has not submitted those records to the Court and the records are not a part of the administrative record. Thus, the Court is unable to determine whether those records warrant a remand under Vega.

Plaintiff also asserts that medical records pertaining to two surgeries conducted at University Hospital in Augusta, Georgia, on May 29, 2003, and September 16, 2003, warrant remand in this case. The first of those surgeries corrected a herniated disk with spinal cord compression. Tr. 254. The second corrected two instances of spinal stenosis. Tr. 261.

The records from University Hospital are new, noncumulative and material evidence. The evidence is new because it was never considered by the ALJ. See Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987) (finding evidence "new" when it has not been presented to ALJ).

The evidence is noncumulative in that it provides information in apparent contradiction to the ALJ's decision. The ALJ found that "[a]lthough [plaintiff] may have some neck and back pain, the evidence does not show any herniation, radiculopathy, nueropathy, spasm, fracture, significant weakness, sciatic symptoms, nerve root impingement, significantly limited range of motion, sensory, reflex, or motor loss ... which is often associated with longstanding and severe pain." Tr. 14. He also noted lack of hospitalizations or emergency room visits or any other significant treatment for plaintiff's pain. Id. He concluded that plaintiff's "testimony regarding the severity of her pain and

6

functional restrictions is not credible to the extent alleged and is not supported by the laboratory and clinical findings of her physicians . . ." Id.

Plaintiff's two surgeries, one of which was performed only eight days after the ALJ rendered his decision, indicate significant objective medical support for her subjective pain testimony. The purposes of the surgeries were to relieve a herniated disc with compression and stenosis. Such conditions would lend credibility to plaintiff's complaints of pain. As such, the new medical evidence appears noncumulative.

The evidence also is material because it is relevant and probative of plaintiff's alleged impairments. Medical evidence supporting plaintiff's subjective pain complaints are relevant and probative in a case where the ALJ rejected plaintiff's pain complaints because of a lack of corroborating objective medical evidence.

Finally, plaintiff has shown good cause for her failure to present the evidence prior to the ALJ's decision. Both surgeries occurred after the decision, and plaintiff presented records of both surgeries to the AC. Tr. 245-48. Because evidence of the surgeries was not available prior to the ALJ's decision, plaintiff has shown good cause for not submitting the evidence to the ALJ.[1]

---

[1] While the Court cannot determine whether the other medical records that plaintiff asserts are new evidence–those from the Orthopaedic Associates of Augusta and the Augusta Pain Center–meet the noncumulative and materiality prongs of the Vega test because plaintiff did not submit the records to the Court, plaintiff's submission of the reports to the Commissioner prior to the ALJ's decision satisfies the good cause requirement. If plaintiff submits the evidence in a timely manner and the evidence, by no fault of plaintiff, is not included in the record or considered by the ALJ, plaintiff should not be prejudiced by an apparent oversight on the part of the Commissioner. No explanation is presented or suggested by the parties for the absence of the evidence in either the record in this case or the administrative record.

The Commissioner argues that "[w]hile ordinarily [plaintiff's new evidence] might be sufficient to show a remand was warranted, the key date in this case is not the date of the ALJ's decision (May 21, 2003), but rather the date plaintiff's insured status expired (December 31, 2001)." Def. Br. at 3. Evidence generated after the expiration of insured status, however, may be probative of a plaintiff's disability during the period of insured status. Plaintiff here alleges an onset date of January 27, 2001. Her insured status expired eleven months later. The first of her two surgeries that would constitute new evidence of disability occurred seventeen months after that.

If significant deterioration in a plaintiff's condition occurs after expiration of insured status, where substantial evidence supports a finding that the plaintiff was not disabled before the expiration date, then a denial of disability benefits is appropriate. See Demandre v. Califano, 591 F.2d 1088 (5th Cir. 1979) (finding substantial evidence supports finding of no disability where deterioration of plaintiff's condition—eventually leading to surgery—occurred after expiration of insured status). Thus, where a plaintiff is not disabled prior to expiration of insured status but becomes disabled thereafter, she may not receive disability insurance benefits.

In this case, it is difficult to discern from the record whether plaintiff's 2003 surgeries are the results of deterioration in the condition of her back since December 31, 2001, or whether the surgeries are probative of a condition that pre-existed the expiration of her insured status. The record does indicate radiological tests showing some stenosis and possible herniation, the conditions causing the 2003 surgeries, in June 2002. Tr. 230-240. Those tests might well be probative of a condition existing prior to December 31, 2001. The

8

Court finds no evidence to the contrary, and the Commissioner presents none.

The Court accordingly finds that this case should be remanded to the Commissioner for evaluation of whether the surgeries add enough credibility to plaintiff's subjective complaints of pain to warrant a disability finding. In so doing, the ALJ should consider medical records relating to the surgeries as well as other medical findings in the record. Plaintiff should submit, and the ALJ should also consider for the reasons set forth in note 1, *supra*, the records from the Orthopaedic Associates of Augusta and the Augusta Pain Center.

### B. Substantial Evidence

Because the Court finds that this case should be remanded under sentence six of Section 405(g), the Court does not address whether substantial evidence supported the ALJ's findings without consideration of the new evidence. Implicit in the Court's remand analysis is that aspects of the ALJ's findings might be contradicted by the new evidence, and thus that the outcome of the case might change because of the new evidence. The ALJ therefore may conduct anew a *de novo* analysis of plaintiff's case with consideration of the new evidence that plaintiff has presented.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence six of Section 405(g), that the case be **REMANDED** to the Commissioner for consideration of new evidence.

SO REPORTED and RECOMMENDED this 13th day of December, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE